IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL DAI, | : |
| | : |
|     Plaintiff | : |
| | : |
|     v. | :   CIVIL NO. 3:15-CV-00670 |
| | : |
| CAROLYN W. COLVIN, ACTING | :   (Judge Brann) |
| COMMISSIONER OF SOCIAL | : |
| SECURITY, | : |
| | : |
|     Defendant | : |

**MEMORANDUM**

**Background**

The above-captioned action is an appeal pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying Plaintiff Daniel Dai social security disability insurance benefits. Dai is represented by counsel.

On April 7, 2015, an Order (Doc. 2) was issued which, inter alia, directed the Commissioner to file an answer within 60 days of being served with the complaint. On June 11, 2015, the Commissioner appropriately filed a motion to dismiss the complaint and a brief in support thereof in lieu of the answer and the transcript. In the motion the Commissioner requests that Dai's complaint be

dismissed because it was untimely filed. The Commissioner contends that the complaint was required to be filed in this court by April 3, 2015, but instead was filed on April 6, 2015. On June 25, 2015, Dai filed a brief in opposition. Dai contends that he had until April 7, 2015, to file his complaint. The motion to dismiss became ripe for disposition on July 13, 2015, when the Commissioner elected not to file a reply brief.

The Social Security Act requires that an applicant for social security disability benefits who is denied such benefits file a civil action with the appropriate federal district court within sixty days after the mailing to the applicant a notice of the final decision of the Commissioner . 42 U.S.C. § 405(g). Specifically, the statute states as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action within sixty days after mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Id. After this statute was enacted the Commissioner, by regulation, extended the filing deadline to sixty days from receipt of the notice with the presumption that the notice is received by the claimant within 5 days of mailing of the decision. See 20 C.F.R. § 422.210(c). The regulation states in pertinent part as follows:

> Any civil action . . . must be instituted within 60 days after . . . notice of the decision of the Appeals Council is received by the individual

> . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of the section, the date of receipt of . . . the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

Id.  Reading the statute and the regulation together, a claimant has 65 days from the date of the Appeals Council's decision to commence a civil action unless the time is extended by the Appeals Council based on a reasonable showing that the notice was received after the 5-day period.  Groom v. Colvin, No. 3:14-CV-472-BN, 2014 WL 4327907, *3 (N.D. Texas Aug. 29, 2014)("Mailing is defined as the date that the individual receives the Appeals Council's notice of denial. . . Mailing is presumed to be five days after the date on the notice unless there is a reasonable showing to the contrary made to the Appeals Council."); Williamson v. Astrue, No. 4:12-CV-00019-TMP-DML, 2012 WL 4347871, *2 (S.D. Indiana Sept. 24, 2012)(same).

An administrative law judge denied Dai's application for benefits on May 29, 2013.  The Appeals Council's notice declining to review the decision of the administrative law judge is dated Wednesday, January 28, 2015.  Doc. 7-1, Exhibit 2 attached to Defendant's Brief in Support.  The notice from the Appeals Council advised Dai of his right to file a civil action. Id.  The notice stated in pertinent part as follows:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you receive this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

Id. The 5-day period for mailing expired on Monday, February 2, 2015. The 60-day period from February 2nd expired on Friday, April 3, 2015.[1] Dai, however, did not file his complaint until Monday, April 6, 2015, 3 days after the deadline.

Counsel for Dai argues that his office received the notice from the Appeals Council on February 6, 2015, and attaches a copy of the notice to his brief bearing a stamp indicating it was received on that date. Dai did not submit an affidavit from the individual who stamped the notice with the date February 6, 2015, indicating that the notice was in fact received on that date. Counsel merely makes the bald assertion that it is the general practice of his office to open and date stamp mail when the mail is received. He further claims that "[i]t has become exceedingly rare that receipt of any such notice from the Appeals Council is received within or by the five day

---

[1] Three days are not added to the computation under Rule 6 of the Federal Rules of Civil Procedure because it is clear that the statute set forth at 42 U.S.C. § 405(g) and the regulations promulgated thereunder "specify a method of computation of time." Federal Rule of Civil Procedure 6(a).

presumption[.]" Doc. 9, Plaintiff's Brief, p. 4.

As stated above there is a procedure under the Social Security regulations for obtaining for good cause an extension of time of the 60-day limitation period by applying to the Appeals Council for such an extension. 20 C.F.R. § 422.210(c). There is no indication that Dai took advantage of that procedure.

Dai does not explain why he assumed he could calculate the filing deadline based on the February 6th date without obtaining prior approval from the Appeals Council. The letter from the Appeals Council was dated January 28, 2015, and five days from that date was February 2, 2015. Counsel should have calculated the time period from that date. If counsel in fact received the notice on February 6th he should have brought that fact to the attention of the Appeals Council and followed the procedure set forth in the notice to obtain an extension of time.

The Supreme Court has recognized that the 60-day statute of limitations is subject to equitable tolling in certain rare cases. <u>Bowen v. City of New York</u>, 476 U.S. 467 (1986).[2]  Because it is the Appeals Council which has the authority to

---

[2] The United States Court of Appeals for the Third Circuit has enumerated three factors that may warrant the applications of the doctrine of equitable tolling: "1)Where the defendant has actively misled the Plaintiff respecting the Plaintiff's cause of action; 2) where the Plaintiff in some extraordinary way has been prevented from asserting his or her rights; or 3) where the Plaintiff has timely asserted his or her rights mistakenly in the wrong forum." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1387 (3d Cir. 1994). None of these factors are present in this case.

equitably toll the limitation period for good cause, it is doubtful that we have any authority in the first instance to do so, i.e., the Appeals Council should be given the first opportunity to address the issue. Assuming that Dai received the notice on February 6, 2015, that fact would not authorize this Court in the first instance to negate the 60-day statute of limitations.

Furthermore, we see no reason to stay this case in order to give Dai an opportunity to apply to the Appeals Council for an extension of time. If Dai applies to the Appeals Council for an extension of the filing deadline and the Appeals Council grants that request, there is nothing preventing Dai from filing a motion to reopen this case under Rule 60(b)(6) of the Federal Rules of Civil Procedure.[3] Consequently, we will dismiss Dai's complaint without prejudice to any right he may have to seek an extension of time from the Appeals Council.

An appropriate Order follows.

---

[3] Rule 60(b)(6) states in pertinent part as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> \*   \*   \*   \*   \*   \*   \*   \*   \*   \*
>
> (6) any other reason that justifies relief.

BY THE COURT:


s/Matthew W. Brann
Matthew W. Brann
United States District Judge


Dated: August 5, 2015